United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:15-CR-378 |
| § | |
| JORGE ALBERTO BUESO-GUTIERREZ; § | |
| aka RUIZ-MANYOMA § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Jorge Alberto Bueso-Gutierrez's Motion to Modify and Reduce Sentence. D.E. 38.

On June 8, 2015, Defendant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a)(1) and 1326(b)(2). His base offense level was 8, and he received a 16-level increase under U.S.S.G. § 2L1.2(b)(1)(A) because he was previously deported following a drug trafficking felony. After a 3-level reduction for acceptance of responsibility, his total offense level was 21. His criminal history category was V, resulting in a guideline sentencing range of 70 to 87 months' imprisonment. He was ultimately sentenced to 42 months.

Defendant now moves for a reduction in his sentence pursuant to an amendment to U.S.S.G. § 2L1.2, wherein the enhancement level for a prior conviction will generally be determined by the length of the sentence imposed for the prior offense. *See* Amendments to the Sentencing Guidelines (U.S. Sentencing Comm'n Apr. 28, 2016), *available at* http://www.ussc.gov/guidelines/amendments/reader-friendly-version-amendments-effective-november-1-2016 (last visited Nov. 14, 2016).

The Court has authority to modify or correct a previously-imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are: (1) upon a motion for reduction by the Director of the Bureau of Prisons under certain circumstances; (2) to the extent otherwise expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; and (3) if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and such a reduction would be consistent with the Commission's policy statements. 18 U.S.C. § 3582(c); *Ross*, 557 F.3d at 238.

Unfortunately for Defendant, the amended guideline upon which he relies does not benefit him because the Sentencing Commission has not declared the amendment retroactive. Accordingly, Defendant's motion to reduce his sentence (D.E. 38) is **DENIED**.

ORDERED this 21st day of November, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE